JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Derrick Rogers, pro se, has filed this delayed appeal from the trial court's February 12, 2004, entry denying his post-sentence motion to withdraw his guilty pleas. Rogers moved to retract his pleas under Crim.R. 32.1 because he claimed defense counsel, the prosecutor, and the trial court mishandled his motion to suppress evidence. Rogers's motion to withdraw was filed more than fifteen months after he was sentenced on one count of engaging in a pattern of corrupt activity, three counts of tampering with records, and three counts of theft.
In his appellate brief, Rogers has failed to present any argument addressing the trial court's denial of his motion to withdraw his guilty pleas. Rather, Rogers attacks the sentence imposed by the trial court.
We have no jurisdiction to review the sentence imposed in this case, as Rogers has not filed a notice of appeal from the trial court's November 22, 2002, entry of conviction and sentence. Instead, Rogers has moved this Court to file a delayed appeal specifically from the trial court's judgment entered on February 12, 2004. The motion has been granted, and Rogers has filed a notice of appeal specifically challenging the court's February 12, 2004, entry denying his motion to withdraw his pleas. The notice of appeal filed in this case conferred upon this Court jurisdiction to review only the trial court's entry denying Rogers's motion to withdraw his pleas.[1]
An appellant bears the burden of affirmatively demonstrating error on appeal and substantiating his arguments in support.[2] Because Rogers presents no argument on appeal challenging the trial court's denial of his motion to withdraw his pleas, the assignments of error are overruled. The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Hendon, JJ.
[1] See App.R. 3(D) and 5(A).
[2] See App.R. 16(A).